COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Kelsey
Argued at Alexandria, Virginia


WILLIAM CARL SMITH
                                   MEMORANDUM OPINION[*] BY
v.    Record No. 2991-02-4        JUDGE LARRY G. ELDER
                                        JUNE 24, 2003
NINA E. ROSEN


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Gaylord L. Finch, Jr., Judge

          Betty A. Thompson (Kenneth N. Hodge; Betty A.
          Thompson, Ltd., on briefs), for appellant.

          Richard M. Wexell (Douglas E. Milman; Richard
          M. Wexell & Associates, on brief), for
          appellee.


     William Carl Smith (husband) appeals from a decision

entered at the request of his former wife, Nina E. Rosen (wife),

holding him responsible for certain educational expenses for the

parties' daughter (daughter).  On appeal, husband contends the

court erroneously (1) interpreted the provision of the parties'

property settlement agreement (the agreement) regarding

husband's liability for daughter's educational expenses, (2)

failed to conclude that wife was not entitled to recover the

claimed educational expenses because she breached her duty to

husband under the agreement to seek his approval before

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

enrolling their daughter in school, and (3) ruled that husband remained unconditionally liable for the future costs of "any other appropriate college or university," without regard to the agreement's provision that his duty to pay was subject to his approval of the school. Wife contends the court erroneously failed to award her attorney's fees under the term of the agreement providing for fees and costs "in the successful enforcement of" the agreement.

We hold the trial court's interpretation of the agreement was erroneous because the agreement expressly conditioned husband's obligation to pay on his approval of the school selected as long as such approval was not unreasonably withheld. However, because the agreement did not require approval prior to enrollment, any failure of wife to secure husband's approval prior to enrollment was not a breach excusing husband's performance. Further, because husband did not claim that his disapproval of either school choice was an alternative reason for finding he was not liable under the agreement, we hold he has waived the right to assert such a claim as a defense to payment. Thus, we affirm the decision that husband is liable for the challenged educational expenses.

However, based on wife's concession of error, we vacate the portion of the trial court's ruling that implies husband might be liable for future educational expenses at other unnamed schools. We also hold the trial court erred in failing to award

-

attorney's fees and costs for wife's successful enforcement of husband's child support and educational expense obligations under the agreement.  Thus, we affirm in part, reverse in part, vacate in part, and remand for additional proceedings consistent with this opinion.

## I.

"[P]roperty settlement agreements are contracts . . . subject to the same rules of formation, validity, and interpretation as other contracts."  Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986).  "Where the agreement is plain and unambiguous in its terms, the rights of the parties are to be determined from the terms of the agreement and the court may not impose an obligation not found in the agreement itself."  Jones v. Jones, 19 Va. App. 265, 268-69, 450 S.E.2d 762, 764 (1994).  The trial court ruled, and the parties agree, that the contract is unambiguous.

"In construing the terms of a property settlement agreement, just as in construing the terms of any contract, we are not bound by the trial court's conclusions as to the construction of the disputed provisions."  Smith, 3 Va. App. at 513, 351 S.E.2d at 595.  "If all the evidence which is necessary to construe a contract was presented to the trial court and is before the reviewing court, the meaning and effect of the contract is a question of law which can readily be ascertained

-

by this court." Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987).

## A.

## CONDITIONS PRECEDENT TO PAYMENT

Here, husband contends wife forfeited her right to obtain reimbursement from him under the agreement for daughter's tuition and other expenses at the Bullis School and the College of Charleston because she failed to obtain his approval of either school prior to daughter's enrollment. The trial court rejected husband's claim, ruling that husband had, at most, a right to participate in discussions regarding the choice of schools and had a contractual obligation to pay tuition and expenses regardless of whether he approved of the schools ultimately selected. We hold the correct interpretation of the parties' agreement lies between these two positions and is governed by our prior decision in Harris v. Woodrum, 3 Va. App. 428, 350 S.E.2d 667 (1986).

Harris involved a property settlement agreement containing language similar but not identical to the language at issue here. Id. at 429, 350 S.E.2d at 668. In Harris, the father agreed to pay educational expenses "'subject to [his] approval of the particular school or schools prior to the child's being enrolled therein, which approval the [father] agrees not to unreasonably withhold.'" Id. (emphasis added). Although the agreement in Harris conditioned the father's duty to pay on his

-

approval "'prior to the child's . . . enroll[ment],'" the mother apparently sought that approval prior to the enrollment because the only issue in dispute was the meaning of the remaining portion of that provision, "'subject to the [father's] approval . . . , which approval the [father] agrees not to unreasonably withhold.'" Id.

The mother in Harris noted that "[the father] agreed to pay 'room and board.' She asserts that this is proof that the parties anticipated that attendance in a boarding school was a possibility and, therefore, for [the father] to now withhold approval of daughter's entrance into Foxcroft is . . . in breach of the contract." Id. at 432-33, 350 S.E.2d at 669. We disagreed, holding that "[s]uch construction of the contract [would] . . . render[] nugatory the words, 'subject to [the father's] approval,'" and "[w]e decline[d] to give the contract that construction." Id. at 433, 350 S.E.2d at 669-70.

Here, the parties' agreement expressly provides that husband's obligation to pay daughter's educational expenses as outlined in the agreement is "subject to husband's approval of such school (which approval shall not be unreasonably withheld)." (Emphasis added). In contrast to Harris, the agreement does not require that husband's approval be obtained prior to enrollment. As such, we reject husband's claim that he is not liable under the agreement merely because wife did not

-

obtain his approval of the Bullis School or the College of Charleston prior to daughter's enrollment in those schools.

Nevertheless, our holding in Harris controls to the extent it provides that husband's approval of the school selected is a condition to his obligation to pay tuition and other expenses as outlined in the agreement, as long as husband does not withhold that approval unreasonably. The trial court's ruling that the parties' agreement does not provide husband with "'veto' power" over his duty to pay for the school of daughter's or wife's choice "renders nugatory the words, 'subject to [h]usband's approval.'" Harris, 3 Va. App. at 432-33, 350 at 669-70; see also Jones, 19 Va. App. at 270, 450 S.E.2d at 764 ("These terms[,] linked together one sentence after another in the same paragraph, can only be read to condition Mr. Jones's obligation to pay on his agreement to the college his child attends. To read those terms otherwise deprives either one or the other of any significance.").

In sum, we hold that husband's approval prior to enrollment was not required by the agreement and, thus, that any failure by wife to obtain his approval prior to enrollment was not a breach excusing husband's performance. The agreement does expressly provide that husband's approval, or a judicial finding that he unreasonably withheld such approval, is a condition precedent to his duty to pay. However, husband did not specifically assert in the trial court and does not argue on appeal that his

-

disapproval of either school choice was an alternative reason for finding he was not liable under the agreement. His entire argument hinged on his claim that wife's failure to obtain his approval prior to daughter's enrollment was a breach excusing his duty to pay. Thus, we hold husband has waived his right to object to wife's and daughter's choices or to have a court determine whether such an objection would have been reasonable. See Rule 5A:18. Accordingly, husband is obligated to pay, pursuant to the agreement, for daughter's tuition and related educational expenses covered by the agreement for the Bullis School and the College of Charleston.

Husband also objects to the trial court's ruling that "[husband] is obligated to pay the remaining tuition and expenses for the College of Charleston, or any other appropriate College or University as set forth in the [agreement]." Wife concedes on appeal that this portion of the ruling was error to the extent that it may be interpreted to conflict with the parties' agreement. Thus, we vacate this portion of the trial court's ruling.

B.

ATTORNEY'S FEES UNDER THE AGREEMENT

Wife challenges the trial court's ruling denying her request for attorney's fees pursuant to the provision in the agreement that fees and costs for "the successful enforcement" of the agreement "shall be borne by the defaulting party."

-

Although the court awarded wife the contested educational expenses, it ruled wife was not entitled to attorney's fees based on husband's nonpayment of those educational expenses because "the agreement was litigated not for mere enforcement but for interpretation" and because "there was no default that would deem the unsuccessful litigant a defaulting party." It made no mention of wife's request for fees associated with her successful efforts to obtain payment of child support arrearages.

We hold the trial court's ruling was erroneous insofar as it failed to award wife fees for resolving the issue of the child support arrearage. Wife included the arrearage issue in her petition originating this action. Husband conceded prior to trial that he owed wife support arrearages in excess of $20,000 and executed an income deduction order. Wife represented to the trial court that she incurred attorney's fees in resolving this issue. Paragraph 35 of the parties' agreement expressly provides that fees and costs "incurred . . . in the successful enforcement of any of the . . . provisions of this agreement, whether through litigation or other action necessary to compel compliance herewith shall be borne by the defaulting party." (Emphasis added). Husband's concession regarding the arrearage and voluntary execution of the income deduction order established that wife successfully enforced the agreement against husband, the defaulting party. Thus, wife was entitled

-

to an award of fees and costs associated with enforcement of this portion of the agreement.

The court also erred in failing to award wife's fees and costs related to the contested educational expenses. As we held above, husband is obligated under the agreement to pay those educational expenses. Further, the parties' agreement makes no distinction between fees related to interpretation of the agreement and those related to its enforcement. Although the parties' dispute centered around their differing interpretations of the agreement, the litigation regarding the educational expenses involved wife's effort to enforce the agreement and was "necessary to compel [husband's] compliance" with the agreement as wife interpreted it.

Our holding in Allsbury v. Allsbury, 33 Va. App. 385, 533 S.E.2d 639 (2000), relied on by husband at trial, is distinguishable based on the language of the agreement at issue in that case. Although paragraph 25(C) of the agreement in Allsbury entitled a party seeking "to enforce th[e] agreement" to obtain an award of attorney's fees against the party who "breach[ed] . . . th[e] agreement," that paragraph was not the only language in the agreement that addressed the recovery of fees and costs. Id. at 392, 533 S.E.2d at 643. Paragraph 25(D) provided that "where the parties cannot agree on disputed matters, the trial court has the power to award counsel fees and costs against a party who the court finds acted unreasonably."

-

<u>Id.</u>  We held, based on the express language of paragraph 25(D) of the Allsburys' agreement, language not contained in the agreement at issue here, that the trial court made a finding that Mr. Allsbury's position on the interpretation of a disputed provision, although incorrect, was reasonable.  <u>Id.</u>  Thus, the ruling in <u>Allsbury</u> turned on the specific language of the agreement and does not constitute a general ruling that an action to enforce an agreement does not encompass a dispute over interpretation of the agreement's terms.

For these reasons, we reverse the trial court's ruling denying wife's request for attorney's fees and costs and remand for entry of an appropriate award for fees and costs.

## II.

In sum, we hold the trial court's interpretation of the agreement was erroneous because the agreement expressly conditioned husband's obligation to pay on his approval of the school selected as long as such approval was not unreasonably withheld.  However, because the agreement did not require approval prior to enrollment, any failure of wife to secure husband's approval prior to enrollment was not a breach excusing husband's performance.  Further, because husband did not claim that his disapproval of either school choice was an alternative reason for finding he was not liable under the agreement, we hold he has waived the right to assert such a claim as a defense

-

to payment.  Thus, we affirm the decision that husband is liable for the challenged educational expenses.

However, based on wife's concession of error, we vacate the portion of the trial court's ruling that implies husband might be liable for future educational expenses at other unnamed schools.  We also hold the trial court erred in failing to award attorney's fees and costs for wife's successful enforcement of husband's child support and educational expense obligations under the agreement.  Thus, we affirm in part, reverse in part, vacate in part, and remand for additional proceedings consistent with this opinion.

<u>Affirmed in part, reversed in part, vacated in part, and remanded.</u>

-